Ani Nazaryan (CA SB No. 351886)
ELORA LEGAL, PC
40 E. Verdugo Ave.
Burbank, CA 91502
Tel: (323) 250-6909
ani@eloralegal.com

Timothy P. Kingsbury (*pro hac vice forthcoming*)
KINGSBURY LAW LLC
8 S. Michigan Ave., Ste. 2600
Chicago, Illinois 60603
Tel: (312) 291-1960
tim@kingsburylawllc.com

*Counsel for Plaintiff and the Putative Class*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANIA HINTON, individually and on behalf of similarly situated individuals, | Case No. |
| | Hon. |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| | |
| DON'T RUN OUT, INC. d/b/a PUBLIC GOODS, a Delaware corporation, | 1. **Violation of Cal. Bus. & Prof. Code § 1750 *et seq.*** |
| | 2. **Conversion** |
| Defendant. | 3. **Violation of Cal. Bus. & Prof. Code § 1200 *et seq.*** |
| | 4. **Restitution/Unjust Enrichment** |
| | DEMAND FOR JURY TRIAL |

CLASS ACTION COMPLAINT                    1                    No.

Plaintiff Tania Hinton brings this Class Action Complaint against Defendant Don't Run Out, Inc. d/b/a Public Goods ("Defendant"), on her own behalf and on behalf of other individuals who have been charged unlawful "Annual Membership" fees by Defendant, in order to obtain relief for Defendant's violations of California law governing automatically renewing subscriptions, including the Automatic Renewal Law (the "ARL"), Cal. Bus. & Prof. Code § 17600 *et seq.*

Defendant enrolls individuals who purchase goods from Defendant's website, publicgoods.com, into a membership program without their knowledge, and then unlawfully charges them recurring fees for such membership without their consent. Plaintiff alleges as follows based on Plaintiff's own personal knowledge, acts, and experiences, and as to all other matters, on information and belief, including an investigation by her attorneys.

## NATURE OF THE CASE

1. Defendant owns and operates publicgoods.com, through which it sells household goods such as cleaning, body care, and food products to consumers nationwide, including consumers in California.

2. Defendant also offers a special annually renewing membership program through which enrollees can receive discounts on orders as well as free shipping. Defendant charges enrollees for their membership on an annual basis.

3. Unbeknownst to consumers who made purchases through publicgoods.com, Defendant enrolled them in its annual membership program regardless of whether they wished to enroll or not.

4. Defendant then randomly charges an annual membership fee to the consumers' method of payment, oftentimes years after the consumers have had any interaction with Defendant or publicgoods.com.

5. Defendant engages in such conduct without complying with California's ARL, which includes, among other things, requirements that a

CLASS ACTION COMPLAINT                2                NO.

business seeking to charge California consumers for an automatically renewing subscription must "present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity ... to the request for consent to the offer"; may only "charge the consumer's credit or debit card . . . for an automatic renewal or continuous service" after "first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms"; and must "provide an acknowledgment that includes the automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. . . ." Cal. Bus. & Prof. Code § 17602(a)(1)-(3).

6. For the foregoing reasons, Plaintiff brings this action individually and on behalf of all California residents who, within the applicable limitations period, were charged unauthorized and illegal annual membership fees by Defendant.

7. Plaintiff seeks damages, restitution, punitive damages, declaratory relief, and reasonable attorneys' fees and costs, for: (i) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*; (ii) conversion; (iii) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq*; and (iv) unjust enrichment/restitution.

## PARTIES

8. Plaintiff Tania Hinton is a natural person and a resident of the County of Los Angeles, California.

9. Defendant Don't Run Out, Inc. d/b/a Public Goods is a Delaware corporation with its principal place of business located at 85 Delancey St., New York, NY.

## JURISDICTION AND VENUE

CLASS ACTION COMPLAINT          3          NO.

10. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is at least minimal diversity because Plaintiff and Defendant are citizens of different states.

11. This Court may assert personal jurisdiction over Defendant because Plaintiff's cause of action arises out of Defendant's purposeful contacts with the state of California. Through its website, publicgoods.com, Defendant has purposefully availed itself of the California marketplace, knowingly marketed, sold, and delivered goods and services to California residents including Plaintiff at their California addresses, and has knowingly charged individuals with California billing addresses, including Plaintiff, its unlawful annual membership fees.

12. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## COMMON FACTUAL ALLEGATIONS

13. In 2010, the California Legislature enacted the ARL, Cal. Bus. & Prof. Code §§ 17600, *et seq.*, with the intent to "end the practice of ongoing charging of consumer credit or debit cards or third-party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service." Cal. Bus. & Prof. Code § 17600 (statement of legislative intent). More recently, in 2018, California's Senate Bill 313 amended Section 17602 of the ARL, adding new requirements meant to increase consumer protections for, among other things, orders that contain free trial and promotional pricing, and subscription agreements entered into online.

CLASS ACTION COMPLAINT                4                NO.

14.    The ARL makes it "unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following":

(1) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer. If the offer also includes a free gift or trial, the offer shall include a clear and conspicuous explanation of the price that will be charged after the trial ends or the manner in which the subscription or purchasing agreement pricing will change upon conclusion of the trial.

(2) Charge the consumer's credit or debit card, or the consumer's account with a third party, for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms, including the terms of an automatic renewal offer or continuous service offer that is made at a promotional or discounted price for a limited period of time.

(3) Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. If the offer includes a free trial, the business shall also disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services.

Cal. Bus. & Prof. Code § 17602(a)(1)-(3).

15.    Cal. Bus. & Prof. Code § 17601(a)(1) defines the term "Automatic renewal" as a "plan, arrangement, or provision of a contract that contains a free-to-

CLASS ACTION COMPLAINT                5                NO.

pay conversion or in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term."

16.    Cal. Bus. & Prof. Code § 17601(a)(2) requires that all "Automatic renewal offer terms" and "continuous service offer terms" contain the following "clear and conspicuous" disclosures: "(A) That the subscription or purchasing agreement will continue until the consumer cancels; (B) The description of the cancellation policy that applies to the offer. (C) The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known. (D) The length of the automatic renewal term or that the service is continuous, unless the length of the tern is chosen by the consumer. (E) The minimum purchase obligation, if any."

17.    Pursuant to Cal. Bus. & Prof. Code § 17601(a)(3), "[c]lear and conspicuous" or "clearly and conspicuously'' means "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language."

18.    In addition, pursuant to Cal. Bus. & Prof. Code § 17602(h)(1), businesses must "send an annual reminder to a consumer under an annual automatic renewal agreement or continuous service agreement with the business in the same medium that resulted in the activation of the automatic renewal or continuous service, or the same medium in which the customer is accustomed to interacting with the business, including, but not limited to, by telephone, mail, or email. For originally in-person or voice-based transactions, the business shall send the reminder by telephone, mail, or any internet-based communication."

CLASS ACTION COMPLAINT                6                NO.

19.    Pursuant to Cal. Bus. & Prof. Code § 17602(h)(2), the annual reminder must "disclose all of the following: (A) The product or service to which the automatic renewal or continuous service applies; (B) The frequency and amount of charges associated with the automatic renewal or continuous service; (C) The means to cancel the automatic renewal or continuous service."

20.    Defendant sells household goods such as cleaning, body care, and food products through publicgoods.com.

21.    When California consumers made purchases through publicgoods.com, Defendant enrolled them in an automatically renewing membership program without their knowledge or consent.

22.    Indeed, Defendant has earned an "F" rating from the Better Business Bureau[1] due to the volume of complaints lodged by consumers who were surreptitiously enrolled in Defendant's membership program:

👤 **Initial Complaint**                    Type: 👤 Customer Service Issues

Date: 08/29/2023                            Status: 💬 Answered

I bought a pourover coffee cone and, without signing up, agreeing, or receiving any email, I was signed up for and charged for a membership to this predatory company! This is insane how many reviews say exactly the same thing. I will be filing a complaint with the ▮▮▮▮▮▮ and my states attorney general. You all should as well. I want a refund.

👤 **Initial Complaint**                    Type: ✖ Service or Repair Issues

Date: 03/13/2024                            Status: ✅ Resolved

I was reviewing my credit card statement for February 2023 and noticed a $79.00 charge for a recurring membership from Public Goods. I last purchased from them in November 2021 and apparently they have been charging me in February of each year since (so 2022, 2023 and now 2024) with no notice, authorization or even having an account with them. I have disputed the 2023 and 2024 charge with my credit card company as this activity was fraudulent and without authorization, but they also charged me in 2022. This is extremely predatory activity, especially not providing notice of an impending charge. Looking at their BBB history, this appears to be happening over and over as well, so appears to be an intentional deceptive business practice. Nowhere on their website do they make it clear they have a membership model, require it for purchase or will be billing people annually thereafter.

---

[1] *See* https://www.bbb.org/us/ny/new-york/profile/online-retailer/publicgoodscom-0121-87140822 (last visited June 18, 2026).

CLASS ACTION COMPLAINT                7                NO.

**Initial Complaint**                                      **Type:** 🚚 Delivery Issues

**Date:** 04/26/2025                                        **Status:** 💬 Answered

On 04/12/2023, I placed order #⬛⬛⬛⬛ with public goods for two Ayate Bath Strips, for a total of $42.29, which the emailed order confirmation showed as the only item I ordered. On 04/26/2025, I received email notification that Public Goods had charged me $79 for an annual membership renewal when I had never signed up for a membership. A ⬛⬛⬛⬛ search brought me to a Reddit thread of over a dozen other people who experienced the same problem; years after ordering a single time, they had also been charged for annual memberships they did not agree to.

**Initial Complaint**                                      **Type:** 💲 Billing Issues

**Date:** 03/09/2026                                        **Status:** ✅ Resolved

I purchased 4 items from Publicgoods back in 02/23/2022. Today (03/09/2026), my credit card company flagged a $79 charge from them for a membership fee. After checking previous statements I saw that they also charged me a year ago for the same amount (I must have missed it) but nothing before then. I didn't sign up for a membership, I never set up an online account with them, I haven't purchased anything from them since 02/23/2022, and the receipt for the 02/23/2022 purchase doesn't mention anything about a membership fee. I want this company to stop trying to charge me for an annual membership.

**Initial Complaint**                                      **Type:** 🛠 Service or Repair Issues

**Date:** 04/08/2026                                        **Status:** 💬 Answered

In 2023, I made a purchase from this business for a $20 tray. Now, 3 years later, I was hit with a $79 annual membership renewal fee, something that I never agreed to or was made aware of, looking back through all communications. I have cancelled this "membership" and requested a refund from the business, but so far have only received a communication stating that their emails are experiencing a "high volume". In doing research online, it seems that this is a common issue for the business.

**Initial Complaint**                                      **Type:** 💲 Billing Issues

**Date:** 02/04/2026                                        **Status:** 💬 Answered

I purchased a package of ⬛⬛⬛⬛ from this online company in January of 2021 (Covid). I was just alerted by my credit company that they are charging me $79 per year for membership. I never signed up for a membership. There membership states that their products are discounted and offer free membership. I have the original email receipt, there is no mention of a charge for membership, there are no discounts and I was charged $6.53 for shipping for 5 packages of Ramen. I see from other complaints listed that this is their business practice. They should not be allowed to conduct this type of business. It is clearly fraudulent.

CLASS ACTION COMPLAINT                     8                          NO.

23. In fact, on information and belief, enough enraged customers have complained on popular internet forums such as Reddit[2] that in 2025 Defendant offered an apology for its secretive membership enrollment practices and acknowledged that its annual membership program "wasn't always as clear as it should have been":



**public-goods** · 1y ago

Hi everyone,
We hear you, and we sincerely apologize for any confusion or frustration regarding our membership charges. We've read the reviews and feedback, and we recognize that our previous membership model wasn't always as clear as it should have been.

Because of this, we've made important changes in the last few months:
- We've improved our emails and reminders to make the membership renewal process more transparent.
- We've updated our checkout experience to make the membership options clear to new users before signing up
- We've removed the trial membership to prevent any surprises
- We've made membership optional, so now anyone can shop on our site

If you were charged and didn't intend to renew, we completely understand. If you have any questions, or concerns, we're here to help - just reach out to our support team at service@publicgoods.com, and we'll take care of it. We truly appreciate your feedback and support as we continue to improve.
— The Public Goods Team

⊖ ⇧ 1 ⇩

**Crewski_EO** · 1y ago

Hi there. There are multiple credible allegations that Public Goods employees have signed previous customers up for a membership without the customer's authorization. Some previous customers hadn't shopped at Public Goods for several years. Are these unauthorized accounts created by employees to meet internal quotas? Do you have any comments about this?

⊖ ⇧ 2 ⇩



**public-goods** · 1y ago

Hi there — thank you for your message. We want to be absolutely clear:  **At no point—past or present—have Public Goods employees been able to enroll customers in memberships on their behalf.** The only way a membership could ever be activated is through a customer's own actions during the checkout process. Any suggestion otherwise is false. There are no internal quotas or incentives tied to membership sign-ups, and we take concerns like this very seriously. That said, we know our **previous membership model wasn't always as clear as it should have been**, and we sincerely apologize for the confusion that caused. Based on customer feedback, we've made several key changes in recent months:

- Made membership **optional** — anyone can now shop without joining.
- Removed the **free trial** to avoid unintended renewals.
- Improved our checkout and email flows to make the terms of membership more transparent.

If anyone feels they were charged in error or didn't mean to renew, our support team is always happy to help — just reach out at **service@publicgoods.com**.
We care deeply about creating a transparent and trustworthy experience, and we truly appreciate the opportunity to clarify.
— The Public Goods Team

---

[2] https://www.reddit.com/r/ZeroWaste/comments/1elspds/psa_public_goods_is_a_scam/ (last visited June 18, 2026).

CLASS ACTION COMPLAINT                9                        NO.

24. Despite apologizing for its membership enrollment practices and promising to change them, Defendant has continued to charge California consumers fees for a membership program it knows was inadequately disclosed, and Defendant has failed to fully refund California consumers who Defendant knows were unlawfully charged.

25. Consistent with the complaints and Defendant's apology cited above, Defendant has systematically violated the ARL by enrolling consumers in its membership program and charging consumers annual membership fees while at the same time failing to: (1) present its annual membership enrollment practices and charges in a clear and conspicuous manner before California consumers finalize purchases on publicgoods.com; (2) charging California consumers' credit or debit cards annual membership fees without first obtaining their affirmative consent to enrollment in its annual membership program; and (3) failing to provide any acknowledgment to California consumers after their purchases that they were enrolled in Defendant's membership program and failing to provide them with information regarding how to cancel their memberships and avoid annual membership charges. Cal. Bus. & Prof. Code § 17602.

26. Defendant has further violated the ARL by failing to send California consumers annual reminders that explain how to cancel their memberships, in violation of Cal. Bus. & Prof. Code § 17602(h)(2).

## PLAINTIFF'S EXPERIENCE

27. On March 16, 2020, Plaintiff purchased eight products from Defendant through publicgoods.com for delivery to her residence in West Hollywood, California.

28. When making her purchase, Plaintiff was not provided with any explanation or disclosure that Defendant would enroll her in any membership program.

CLASS ACTION COMPLAINT             10                 NO.

29. After completing her purchase, Plaintiff received a confirmation email from "service@publicgoods.com" identifying the items she had purchased. The email listed only the eight products she had selected for purchase, and did not identify, include, or otherwise reference Defendant's membership program.

30. In March 2026, however, Plaintiff discovered that Defendant had charged her a $79 fee in March 2025 and a $79 fee again in March 2026 for its annual membership program.

31. On information belief, Defendant unilaterally enrolled Plaintiff in its membership program at some point after her 2020 purchase from publicgoods.com. Defendant then randomly began charging Plaintiff $79 fees for its annual membership 5 years later.

32. After Plaintiff discovered she had been charged for Defendant's membership program, Plaintiff's husband contacted Defendant for an explanation of how to cancel the annual membership that Plaintiff never chose to enroll in.

33. Defendant canceled Plaintiff's membership and refunded Plaintiff the $79 fee Defendant unlawfully charged in March 2026, but did not refund the $79 Defendant unlawfully charged in March 2025.

34. With respect to Plaintiff, Defendant violated the ARL by: (1) failing to present its annual membership enrollment practices and charges in a clear and conspicuous manner to Plaintiff before Plaintiff finalized her purchase on publicgoods.com; (2) failing to obtain Plaintiff's affirmative consent to enrollment in Defendant's annual membership program before charging her for it; and (3) by failing to provide any acknowledgment to Plaintiff after her purchase on publicgoods.com that they she was enrolled in Defendant's membership program, and by failing to provide Plaintiff with information regarding how to cancel the memberships and avoid future annual membership charges. Cal. Bus. & Prof. Code § 17602(a)(1)-(3).

CLASS ACTION COMPLAINT            11            No.

35. In addition, Defendant failed to provide Plaintiff with an annual reminder explaining how to cancel her membership, in violation of Cal. Bus. & Prof. Code § 17602(h)(2).

36. If Defendant had complied with any of the above requirements of the ARL, Plaintiff would not have enrolled in Defendant's membership program or would have cancelled her membership before Defendant charged her $79 in March 2025, several years after her purchase from publicgoods.com.

## CLASS ACTION ALLEGATIONS

37. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action on behalf of herself and a Class defined as follows:

a) The Class: All California residents who, within the applicable statute of limitations period, were charged an annual membership fee by Defendant and who have not been refunded in full.

38. Subject to additional information obtained through further investigation and discovery, the above-described Class may be modified or narrowed as appropriate.

39. **Numerosity**. Upon information and belief, there are thousands of members of the Class such that joinder of all members is impracticable.

40. **Typicality**. Plaintiff's claims are typical of the Class she seeks to represent. Plaintiff, like all Class members, was enrolled in Defendant's annual membership program and charged for the same in violation of California law. Plaintiff's claims arise out of the same conduct and are based on the same legal theories as those of any absent class member.

41. **Adequacy**. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and Plaintiff and her counsel are committed to vigorously prosecuting this action on

CLASS ACTION COMPLAINT                 12                 NO.

behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

42. **Commonality and Predominance**. Numerous common questions of law and fact exist as to all members of the Class, and such questions predominate over questions affecting Plaintiff or individual members of the Class. Common questions for the Class include, but are not limited to, the following:

a. Whether Defendant complied with the ARL when enrolling the Class members in its annual membership program;

b. Whether Defendant complied with the ARL when charging the Class members for its annual membership program;

c. Whether Class members are entitled to damages and/or equitable relief as a result of Defendant's conduct.

43. **Superiority**. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

## FRAUDULENT CONCEALMENT AND TOLLING

44. The applicable statutes of limitations are tolled by virtue of Defendant's knowing and active concealment of the facts alleged above, including Defendant's enrollment of Plaintiff and the Class members into its membership program without their knowledge or consent. Plaintiff and Class members were ignorant of the information essential to the pursuit of these claims, without any fault or lack of diligence on their own part.

45. At the time the action was filed, Defendant was under a duty to disclose the true character, quality, and nature of its membership enrollment activities to Plaintiff and the Class. Defendant is therefore estopped from relying on any statute of limitations.

46. Defendant's fraudulent concealment is common to the Class.

## CAUSES OF ACTION

### Count I

**Violations of California's Unfair Competition Law ("UCL"),**

**Cal. Bus. & Prof. Code §§ 17200, *et seq.***

**(On behalf of Plaintiff and the Class)**

47. Plaintiff incorporates by reference all of the foregoing allegations as if fully set forth herein.

48. The UCL prohibits unfair competition in the form of "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act[.]" Cal. Bus. & Prof. Code § 17200. The UCL allows "a person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Cal. Bus. & Prof. Code § 17204. Such a person may bring such an action on behalf of himself or herself and others similarly situated who are affected by the unlawful and/or unfair business practice or act.

49. As alleged herein, Defendant's acts and practices with respect to its annual membership program are "unlawful" within the meaning of the UCL because they violated multiple provisions of the ARL, as well as California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*, as well as all other common laws asserted in Counts II and IV below.

50. As alleged herein, Defendant's annual membership program is subject to the ARL because it is "a plan, arrangement, or provision of a contract that

CLASS ACTION COMPLAINT                14                NO.

contains a free-to-pay conversion or in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term." Cal. Bus. & Prof. Code § 17601(a)(1).

51. As alleged herin, Defendant violated the ARL with respect to Plaintiff and the Class members because at all relevant times Defendant: (1) failed to present its annual membership enrollment practices and charges in a clear and conspicuous manner to Plaintiff and the Class members before they completed their purchases on publicgoods.com; (2) failed to obtain Plaintiff's and the Class members' affirmative consent to enrollment in Defendant's annual membership program before charging them for it; (3) failed to provide Plaintiff and the Class members with an acknowledgment that they were enrolled in Defendant's membership program; and (4) by failing to provide Plaintiff and the Class member with information regarding how to cancel the annual memberships and avoid future membership charges. Cal. Bus. & Prof. Code § 17602(a)(1)-(3).

52. In addition, Defendant failed to provide Plaintiff and the Class members with annual reminders explaining how to cancel their memberships, in violation of Cal. Bus. & Prof. Code § 17602(h)(2).

53. Each of these failures constitute an independent violation of the ARL, and thus an independent violation of the UCL.

54. If Defendant had complied with the ARL, Plaintiff and the Class members would not have enrolled in Defendant's membership program, or would have cancelled their memberships before being charged for it.

55. As a direct and proximate result of Defendant's unlawful practices described herein, Defendant has received, and continues to hold, unlawfully obtained property and money belonging to Plaintiff and the Class members in the form of charges to Plaintiff and Class members' credit and/or debit accounts for Defendant's annual membership. Thus, Plaintiff and the Class members have

CLASS ACTION COMPLAINT 15 NO.

suffered injury in fact and lost money or property as a result of Defendant's violations of the ARL.

56. Plaintiff and the Class members seek restitution pursuant to Cal. Bus. & Prof. Code § 17203 of all amounts that Defendant charged or caused to be charged to Plaintiff's and the Class members' payment methods in connection with Defendant's annual membership program. Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and the Class members, from whom they were unlawfully taken.

57. Plaintiff, individually and on behalf of similarly situated California consumers,brings this action as private attorneys general and to vindicate and enforce an important right affecting the public interest. Plaintiff and the Class are therefore entitled to an award of attorneys' fees under Code of Civil Proc. § 1021.5 for bringing this action.

## COUNT II

### Conversion

### (On behalf of Plaintiff and the Class)

58. Plaintiff incorporates by reference all of the foregoing allegations as if fully set forth herein.

59. As a result of charges made by Defendant to Plaintiff's and the Class members' credit and/or debit accounts without authorization and in violation of California law, Defendant has taken money that belongs to Plaintiff and the Class members.

60. The amount of money wrongfully taken by Defendant is capable of identification.

61. Defendant engaged in this conduct knowingly, willfully, and with oppression, fraud, and/or malice within the meaning of Cal. Civil Code § 3294(c).

CLASS ACTION COMPLAINT          16          No.

62.    As a result of Defendant's actions, Plaintiff and the Class have suffered damages.

## COUNT III

### Violations of California's False Advertising Law ("FAL"),
### Cal. Bus. & Prof. Code §§ 17500, *et seq.*
### (On behalf of Plaintiff and the Class)

63.    Plaintiff incorporates by reference all of the foregoing allegations as if fully set forth herein.

64.    California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, …in any advertising device … or in any other manner or mean whatever, including over the Internet, any statement, concerning … personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

65.    Defendant committed acts of false advertising, as defined by § 17500, by intentionally making and disseminating statements to consumers in California and the general public concerning Defendant's products and services, as well as circumstances and facts connected to such products and services, which are untrue by omission, and which are known (or which by the exercise of reasonable care should be known) by Defendant to be untrue or misleading. Defendant has also intentionally made or disseminated such untrue or misleading statements and material omissions to consumers in California and to the public as part of a plan or scheme with intent not to sell its membership as advertised.

66.    Defendant's statements included advertising its annual membership on its publicgoods.com website by informing publicgoods.com customers that they

could enroll in a membership if they desired to. In reality, however, Defendant enrolled publicgoods.com customers such as Plaintiff into its annually-renewing membership program regardless of whether the customers took any affirmative action to enroll or not.

67. In addition, Defendant's confirmation emails to publicgoods.com customers following their purchases contained material omissions. Specifically, while the emails listed the items the customers affirmatively ordered, the emails said nothing about the annual membership program into which Defendant automatically enrolled its publicgoods.com customers.

68. Defendant's actions in violation of § 17500, as described herein, were misleading such that the general public is and was likely to be deceived.

69. Defendant knew that its actions were misleading, including based on the sheer number of complaints that have been publicly expressed, through multiple mediums, by consumers who were unwillingly enrolled in its annual membership program.

70. Plaintiff and the Class members were deceived by Defendant's acts and omissions when they made purchases from publicgoods.com, and other California consumers and members of the public were also likely to be deceived as well. Plaintiff and the other members of the Class did not learn (if they learned at all) that Defendant had enrolled them in its annual membership program until they discovered that Defendant had already charged them an annual membership fee, oftentimes years after making a purchase on publicgoods.com. Thus, Plaintiff and the Class members relied on Defendant's acts and omissions to their detriment.

71. Plaintiff and the Class lost money or property as a result of Defendant's FAL violations because they would not have purchased items from publicgoods.com if they knew they would later be charged for an automatic annual

memberhip program, or they would have canceled their annual memberships prior to being charged any annual membership fees by Defendant.

72. Plaintiff, individually and on behalf of all similarly situated California consumers, seeks restitution that will restore the full amount of their money or property lost to Defendant in annual membership fees; disgorgement of Defendant's relevant profits and proceeds; and an award of costs and reasonable attorneys' fees.

## COUNT IV

### Unjust Enrichment/Restitution

### (On behalf of Plaintiff and the Class)

73. Plaintiff incorporates by reference all of the foregoing allegations as if fully set forth herein.

74. Plaintiff and the Class conferred benefits on Defendant when Defendant charged them its annual membership fees.

75. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and the Class's payment of annual membership fees. Retention of those moneys under these circumstances is unjust and inequitable because Defendant's failure to disclose that it would enroll Plaintiff and the Class members in its annual membership program, as well as Defendant's failure to disclose the material terms of its annual membership program, induced Plaintiff and the Class to make purchases on publicgoods.com without regard to future payment of the annual membership fees. These omissions caused injuries to Plaintiff and the Class because they would not have made purchases on publicgoods.com at all, or would have cancelled their annual memberships, if the true facts were known.

CLASS ACTION COMPLAINT                19                    NO.

76. Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and Class members is unjust and inequitable, Defendant has been unjustly enriched in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully prays for the following relief:

a. An order certifying the Class as defined above;

b. An order declaring that Defendant's conduct violates the California statutes referenced herein;

c. An order finding in favor of Plaintiff and the Class on all counts asserted herein;

d. An order awarding Plaintiff and the Class damages and/or restitution in amounts to be determined by the Court and/or jury;

e. An order awarding Plaintiff and the Class prejudgment interest on all amounts awarded;

f. An order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit; and

g. An order awarding any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Dated: June 18, 2026                    Respectfully submitted,

TANIA HINTON, individually and on behalf of similarly situated individuals

By: /s/ Ani Nazaryan
Ani Nazaryan (CA SB No. 351886)
ELORA LEGAL, PC
40 E. Verdugo Ave.

CLASS ACTION COMPLAINT                    20                    NO.

Burbank, CA 91502
Tel: (323) 250-6909
ani@eloralegal.com

Timothy P. Kingsbury
(*pro hac vice forthcoming*)
KINGSBURY LAW LLC
8 S. Michigan Ave., Ste. 2600
Chicago, Illinois 60603
Tel: (312) 291-1960
tim@kingsburylawllc.com

*Counsel for Plaintiff and the Putative Class*

CLASS ACTION COMPLAINT                    21                    NO.